UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-99-FDW

| ROGER LEWIS SMYRE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| STATESVILLE POLICE DEPT., | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint that he filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1).

Plaintiff is a prisoner of the State of North Carolina following his conviction for speeding to elude arrest, resisting an officer, and a misdemeanor motor vehicle violation in Iredell County in 2013.[1] Plaintiff is presently confined in the Catawba Correctional Center and his projected release date is August 6, 2014. Plaintiff alleges in his complaint that he was assaulted by unnamed individuals, presumably one or more officers with the Statesville Police Department, during an arrest in February 2011. He alleges that he was Tasered and assaulted during the arrest based on his race and his efforts to obtain video evidence of the incident have failed.

As provided for in 28 U.S.C. § 1915(A)(a): "The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In

---

[1] The information regarding Plaintiff's convictions was obtained through the website maintained by the North Carolina Department of Public Safety.

1

conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

After examining Plaintiff's complaint, the Court finds that he has failed to state a claim upon which relief may be granted. First, there are simply no allegations regarding what specific officer may have assaulted him or what injuries he may have suffered or whether the alleged conduct was excessive in light of the circumstances of the arrest. Nor does Plaintiff make a claim for any particular type of relief, whether monetary, declaratory or injunctive, other than to ask for the court to "dismiss it." (5:14-cv-99, Doc. No. 1 at 5). Second, the Statesville Police Department is not a "person" within the meaning of § 1983 and it is therefore not capable of being sued on the meager facts as alleged in this case. See, e.g., Moore v. City of Asheville, 290 F. Supp. 2d 664, 673 (W.D.N.C. 2003), aff'd, 396 F.3d 385 (4th Cir. 2005); Ostwalt v. Charlotte-Mecklenburg Bd. of Educ., 614 F. Supp. 2d 603, 607 (W.D.N.C. 2008).

Finally, Plaintiff contends that the assault occurred during an arrest on February 5, 2011, however he did not file his complaint until May 26, 2014, at the earliest, which is the date that he signed the complaint. See National Advertising Co. v. City of Raleigh, 947 F.2d 1158, 1161-62 (4th Cir. 1991) ("Because there is no federal statute of limitations applicable to suits under § 1983", the courts will look to the relevant state limitation period to determine whether a claim may be time-barred.) (internal citations omitted). North Carolina provides for a three-year statute of limitations on a claim for assault or battery; thus Plaintiff's claims are time-barred. See N.C.

Gen. Stat. § 1-52(19).

For the reasons stated herein, the Court finds that Plaintiff's complaint fails to state a claim for relief and it will be dismissed. 28 U.S.C. § 1915(A)(b)(1).

**IT IS, THEREFORE, ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED** for the limited purpose of this initial review. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: June 20, 2014

Frank D. Whitney
Chief United States District Judge